HARVEY P. LYON AND EDITH LYON, HIS WIFE, v. AUGUST BUERMAN.

Submitted July 3, 1903—Decided February 23, 1904.

1.  An allegation in a declaration that a duty rests upon a defendant to do a specified thing, without setting forth such facts as show the existence of a duty, is nugatory.

2. A landlord is under no obligation to his tenant to make repairs which become necessary during the term, in the absence of any agreement on his part to do so, and no such agreement will be implied merely from the fact of the demise.

3. Nor is he under any duty to call the attention of his tenant to any defects which come into existence during the term of the lease.

On demurrer to declaration.

Before GUMMERE, CHIEF JUSTICE, and Justices DIXON, HENDRICKSON and PITNEY.

For the plaintiffs, *Frederick J. Greenberg.*

For the demurrant, *Samuel Kalisch.*

PER CURIAM.

The plaintiffs, who were tenants of the defendant, seek to recover compensation for injuries received by Mrs. Lyon, on September 16th, 1902, through the defective condition of the leased premises. The declaration alleges that the lease was made September 1st, 1902; that it contained a warranty that the premises were in first class, tenantable condition and repair, and fit for occupation by the plaintiffs; that it thereby became the duty of the defendant to put them in good, safe and substantial repair; that he neglected to perform this duty, and left them in an unsafe and dilapidated state without informing the plaintiffs of their condition. Upon these facts the liability of the defendant to make compensation for the injuries received by Mrs. Lyon is predicated.

We do not think that they show liability. His responsibility arises out of, and is limited by, his warranty that the premises were in first class, tenantable condition at the time of making the lease. The declaration contains no *express* averment that they were not in such condition *at that time*, nor is this the *necessary* implication to be drawn from the facts stated. When it is borne in mind that in passing upon the sufficiency of a pleading every averment is to be construed most strongly against the pleader, and that nothing is to be presumed in

his favor, the conclusion to be drawn from these facts is that the premises became out of repair between the time of the making of the lease and the time of the happening of the accident. It is plain, therefore, that no breach of the warranty is shown.

Nor is the declaration helped by the allegation that it was the duty of the defendant to put the premises in repair; nor by the further allegation that he neglected to inform the plaintiffs that they had not been repaired, and were in an unsafe condition. An allegation in a declaration that a duty rests upon a defendant to do a specified thing, without setting forth such facts as show the existence of the duty, is nugatory. A landlord is under no obligation to his tenant to make repairs which become necessary during the term, in the absence of any agreement on his part to do so, and no such agreement will be implied merely from the fact of the demise. *Naumberg* v. *Young*, 15 *Vroom* 331; *Mullen* v. *Rainear*, 16 *Id.* 520. Nor is he under any duty to call the attention of his tenant to any defects which come into existence during the term of the lease.

The defendant is entitled to judgment on the demurrer.